UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH MUSCHAWECK,

                              Plaintiff,

        v.                                                      **DECISION AND ORDER**
                                                                07-CV-558S
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.


        1.      Plaintiff Joseph Muschaweck challenges an Administrative Law Judge's

("ALJ") determination that he is not disabled within the meaning of the Social Security Act

("the Act").  Plaintiff alleges that he has been disabled since August 31, 2002, by hearing

loss, Attention Deficit Hyperactivity Disorder, and bipolar disorder.  Plaintiff contends that

because his impairments render him unable to work, he is entitled to disability benefits

under the Act.

        2.      Plaintiff filed an application for Supplemental Security Income benefits on

June 27, 2003.  After his application was denied, Plaintiff requested a hearing before an

ALJ.  The ALJ conducted a video teleconference hearing on January 25, 2005, at which

Plaintiff appeared with counsel and testified.  Three other individuals also testified:  (1)

Plaintiff's mother, Kathy Muschaweck; (2) a vocational expert, Robert W. Jackson; and (3)

a medical expert, Robert L. Muller, M.D.  The ALJ considered the case *de novo*, and on

March 23, 2005, issued a written decision denying Plaintiff's application for benefits.  On

June 27, 2007, the Appeals Council denied Plaintiff's request for review.

3.      Plaintiff filed this action challenging Defendant's final decision on August 23, 2007.[1]  On January 29, 2008, Plaintiff filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Defendant filed a Cross Motion for Judgment on the Pleadings on April 3, 2008.  After full briefing, this Court deemed the motions submitted and reserved decision.  For the following reasons, Defendant's motion is granted and Plaintiff's is denied.

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the

---

[1]The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

   6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987)

   7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.      Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided into two parts:  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity during the relevant time period (R. at 18, 26);[2] (2) Plaintiff's depressive disorder, bipolar disorder, and anxiety are "severe" impairments within the meaning of the Act (R. at 21, 26); (3) Plaintiff's mental impairments do not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (R. at 21, 26); (4) Plaintiff retains the residual functional capacity to perform a wide range of unskilled work at the medium level of exertion[3] (R. at 26); (5) Plaintiff has no vocationally relevant past work.  (R. at 26); and (6) Plaintiff, at twenty-one years old, is a "younger individual" who retains a residual functional capacity to perform work available in the national economy (R. at 26).  Ultimately, the ALJ

_____

[2] Citations to the underlying administrative record are designated as "R."

[3] In support of this finding, the ALJ explained that "[t]he claimant experiences drowsiness at times, but has fair abilities to make occupational adjustments and personal-social adjustments and can understand, remember, and carry out simple job instructions.  He can lift/carry fifty pounds occasionally and twenty-five pounds frequently.  He is unlimited in sitting, standing/walking, and pushing/pulling and has no other significant postural, manipulative, visual, communicative, or environmental limitations."  (R. at 26.)

concluded that Plaintiff was not under a disability as defined by the Act at any time through the date of his decision.  (R. at 26-27.)

10.     Plaintiff challenges the ALJ's decision on three grounds.  First, he argues that the ALJ's residual functional capacity finding is not supported by substantial evidence because the ALJ failed to properly evaluate the evidence from his treating physician, Christopher G. Martin, M.D.

Under the "treating physician rule,"[4] an ALJ must give controlling weight to a treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances.  Under 20 C.F.R. § 404.1527(d)(1)-(6), an ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (4) consistency, (5) specialization of treating physician, and (6) other factors that are brought to the attention of the court.  See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc.

_____

[4] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

<u>Sec.</u>, 143 F.3d 115, 118 (2d Cir. 1998).

The treating physician's rule requires that only a physician's *medical* opinions be given controlling or extra weight.  20 C.F.R. § 404.1527(d); <u>see</u> <u>also</u> <u>Green-Younger v. Barnhart</u>, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); <u>Shaw v. Chater</u>, 221 F.3d 126, 134 (2d Cir. 2000).  The disability determination is reserved to the Commissioner, not a treating physician. <u>See</u> 20 C.F.R. § 404.1527 (conclusory statements made by doctors are not controlling because it is the Commissioner's task to determine whether an individual is disabled within the meaning of the Act).  Consequently, an ALJ is not required to accept a treating physician's conclusion that a plaintiff is totally disabled.

Here, the ALJ fully discussed Dr. Martin's opinion and explained that Dr. Martin's statement that Plaintiff was disabled and had poor functioning in most areas was not supported by his treatment records and was inconsistent with other medical providers' opinions.  (R. at 22.)  The opinions of Drs. Meng, Pierson, Muller, and Burnett, all support the ALJ's residual functional capacity finding.  Each of them stated that Plaintiff retained the ability to at least follow simple instructions and perform simple tasks.  Even Dr. Martin stated that Plaintiff may be able to perform low stress, low pace, task-oriented work, perhaps with frequent breaks.  (R. at 281.)  Moreover, Plaintiff repeatedly rated between 60 and 65 on the GAF scale, which is consistent with mild, not disabling, limitations.  (R. at 23-24.) Dr. Martin's suggestions that Plaintiff had a permanent disability (R. at 270, 274) are therefore inconsistent with other evidence in the record, and in any event, are not entitled to controlling weight because it is the Commissioner who must ultimately make a disability determination. <u>See</u> 20 C.F.R. § 404.1527.  Accordingly, this Court finds that the ALJ's residual functional capacity determination is supported by substantial evidence and that he properly applied the treating physician's rule.

11.     Second, Plaintiff argues that the ALJ erred by not recontacting Dr. Martin for further clarification of his opinion.  Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record.  20 C.F.R. § 404.1512(e)(1).  Additional evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques.  20 C.F.R. § 404.1512(e)(1); Rosa v. Callahan, 168 F.3d 72, 80 (2d Cir. 1999); Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998).

Here, although the ALJ noted that some of Dr. Martin's conclusions were not supported by his treatment notes (R. at 22), he was not prevented from making a disability determination.  Rather, he found that the overall medical evidence — including some from Dr. Martin — sufficiently supported a finding that Plaintiff was not disabled under the Act.  Moreover, contrary to Plaintiff's argument that it was "virtually ignored," Dr. Martin's post-hearing letter (R. at 282) was received and considered by the Appeals Council, (R. at 7).  Consequently, the ALJ was under no obligation to recontact Plaintiff's treating physicians.

12.     Finally, Plaintiff argues that the ALJ did not properly assess his credibility.  In particular, he contends that the ALJ did not fully accept his testimony that he suffers from a disturbed sleep cycle.  (R. at 298.)  The ALJ noted this subjective complaint, but found that it was inconsistent with the overall objective evidence, particularly Plaintiff's GAF scores that indicated his impairments were mild.  (R. at 23-24.)  It was also noted that Plaintiff did not always take his medication, which when taken, appeared to control his symptoms.  (R. at 24.)

Plaintiff also argues that the ALJ erred by finding that Plaintiff's daily activities are inconsistent with his claim that he is disabled.  (R. at 24.)  Rather, the ALJ found that

Plaintiff's ability to drive, do household chores, and work on the computer for five hours per day was consistent with a finding that Plaintiff could maintain adequate attention and concentration to perform a wide range of simple work activities.  (R. at 24.)

This Court finds no error in the ALJ's credibility determination.  An ALJ need not rely solely on a plaintiff's subjective complaints; rather, the ALJ is entitled to evaluate the record as a whole to determine whether a plaintiff's disability claim is credible and meritorious. The ALJ is required to set forth the essential considerations upon which his or her decision is based, with sufficient particularity to enable the reviewing court to decide whether the disability determination was supported by substantial evidence.  See Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he . . .  mention[ ] every item of testimony presented to him or . . . explain[ ] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."); see also Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981) (holding that the court was unwilling to require the ALJ to explicitly reconcile every conflicting shred of evidence provided that he carefully considered the evidence in reaching his decision).

Here, the ALJ considered Plaintiff's subjective complaints, but concluded that they were not totally credible in light of the objective medical evidence in the record.  He explained his reasons for this finding, citing supporting evidence in the record.  In this Court's view, the ALJ sufficiently articulated his rationale for concluding that Plaintiff's subjective complaints regarding his limitations were not totally credible.  Cf. Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982)

(similar).

13.     After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein.  This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act.  Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.


        IT HEREBY IS ORDERED, that Defendant's Cross Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

        FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 4) is DENIED.

        FURTHER, that the Clerk of the Court shall close this case.

        SO ORDERED.


Dated:   September 24, 2008
         Buffalo, New York


                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge